UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ADE BROWN,

          Plaintiff,          Case No. 1:19-cv-85

v.                                 Honorable Janet T. Neff

JOHN DAVIDS et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as duplicative and, therefore, frivolous.

## Discussion

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Michigan. The events about which he complains, however, occurred at the Ionia Correctional Facility (ICF) in Ionia, Michigan. Plaintiff sues ICF Warden John Davids; ICF Prison Counselors Unknown Luther, Molly

McQuiston, and Unknown Matthews; ICF Lieutenants Unknown Steward and Unknown Howard; ICF Sergeants Unknown Greenfield, Unknown Lithium, Unknown Bennet, Unknown Conklin, Unknown Muull, Unknown Cascerella, Unknown Kerr, and Unknown Bletzcoe; and ICF Corrections Officers Unknown Andrews, Unknown Conners, Unknown Stambaul, Unknown Wells, Unknown Sparry, Unknown Mygrants, Unknown Walker, Unknown Mosely, Unknown Ripley, Unknown Montgomery, Unknown Way, Unknown Doseburg, Unknown Kutowiks, Unknown Tumbelson, Unknown Enderlie, Unknown Schafer #1, Unknown Schafer #2, Unknown Ballard, Unknown Kasa, Unknown Zurad, Unknown Merrit, Unknown Pergel, Unknown Mitchell, Unknown Gilreath, Unknown Mutt, Unknown Becke (Mr.), Unknown Johnson, Unknown Corbett, Unknown Burns, Unknown Jex, Unknown Watkins, Unknown Downing, Unknown Elliot, Unknown McCloud, Unknown Phelps, Unknown Aboy, Unknown Ayot, Unknown Beirgeise, Unknown Shouse, Unknown Dill, Unknown Becke (Ms.), Unknown Perry, Unknown Frelick, Unknown Gradisher, Unknown Onley, Unknown Gardner, Unknown Wilkerson, Unknown Reese, Unknown Doane, Unknown Delecruz, Unknown Hiens, Unknown Moss, Unknown Elmheist, Unknown Joseph, Unknown Kenny, Unknown Leonhardt, Unknown Dunn, Unknown Tarhart, Unknown Fornwall, Unknown Fitzgerald, Unknown Welenwolf, and Unknown Perkins.

Plaintiff alleges that he arrived at ICF on March 18, 2016. After his arrival, he was housed in several different units, including segregation. He claims that in each unit Defendants turned on—or failed to turn off—large, loud fans, from May to November. The fans failed to cool the units when it was hot, rendered the units freezing when it was cold, and were so loud that the noise amounted to psychological torture. Plaintiff alleges that Defendants' actions or inaction violated his Eighth Amendment right to be free from cruel and unusual punishment.

This is not the first time Plaintiff has raised these allegations. He raised them first in *Brown v. Smith et al.*, No. 1:17-cv-282 (W.D. Mich.). In *Brown v. Smith et al.*, Plaintiff sued 42 ICF Defendants, including 10 of the Defendants also named in this suit, for various wrongs perpetrated against him, including keeping the fans on from June to November. (No. 1:17-cv-282, Compl., ECF No. 1, PageID.9-10; Am. Compl., ECF No. 8, PageID.60-61.) The Court dismissed the "fan" claims without prejudice: (1) because they were improperly joined to Plaintiff's primary claims with respect to Defendants Andrews, Wells, Mygrants, Greenfield, Montgomery, Phelps, Howard, and Conners (No. 1:17-cv-282, Op. & Order, ECF No. 9, 10); and (2) because Plaintiff had failed to exhaust his administrative remedies with respect to Defendants Stambaul, Tumbelson, and Enderlie (No. 1:17-cv-282, Order, ECF No. 46).

He raised the "fan" claims again in *Brown v. Davis et al.*, No. 1:18-cv-812 (W.D. Mich.). In *Brown v. Davis et al.*, Plaintiff sued Defendant Davids, who is also named in this action, and 10 other Defendants for, among other things, torturing him with the fans. The complaint spans the same period as Plaintiff's present complaint except the present complaint includes the additional period from July 20 through October 2018. In the present lawsuit, Plaintiff is suing because the fans were running and Defendants would not turn them off. The same claims are still pending in *Brown v. Davis et al*.

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. California Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential*

*Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In addition, courts have held that an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious. *See*, *e.g., Belser v. Washington*, No. 16-2634, 2017 WL 5664908, at *2 (6th Cir. Sept. 13, 2017) ("A duplicative action is also subject to dismissal for frivolity under § 1915(e) . . . ."); *McWilliams v. State Colorado.*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed under the *in forma pauperis* statute as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous under 28 U.S.C. § 1915 when the complaint "merely repeats pending or previously litigated claims); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (finding that it is "malicious" for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss an *in forma pauperis* civil rights suit by prison inmate where suit was duplicative of facts and allegations made in previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Risley v. Hawk*, 918 F. Supp. 18, 22 (D.D.C. 1996) (holding that the district court may dismiss an *in forma pauperis* action where the complaint duplicates the allegations of other pending or previously filed litigation, even where the previously filed actions

were filed in different districts); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *3 (E.D. Mich. July 31, 2006).[1]

A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See*, *e.g.*, *Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Here, the complaint raises the same claims regarding the same fans against one of the same defendants that Plaintiff raised most recently in *Brown v. Davis et al*. Although the complaint in this action adds a few months and Plaintiff now blames 75 additional Defendants, it is still "'materially on all fours with'" the complaint he filed in *Brown v. Davis et al*. *Belser*, 2017 WL 5664908, at *2. This sort of conduct unnecessarily multiplies proceedings and wastes judicial resources.

Accordingly, the Court concludes that the present complaint is duplicative. Therefore, pursuant to the Court's inherent power and 28 U.S.C. § 1915(e)(2)(i), the complaint will be dismissed on the grounds that it is duplicative and frivolous.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint will be dismissed as duplicative, and therefore frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

---

[1] Prior to April 26, 1996, the provisions in § 1915(e)(2) were set forth at 28 U.S.C. § 1915(d). Thus, *Cato*, *Pittman* and *Bailey* were decided under § 1915(d).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: April 19, 2019                          /s/ Janet T. Neff
                                               Janet T. Neff
                                               United States District Judge